Opinion of the Court.
Kirkpatrick C. J.
This action is brought against Stokes 'defendant below, for the breach of certain covenants, contained in indentures of apprenticeship, by which the plaintiff, Coonis, was bound to him for seven years, eleven months and sixteen days.
In the justice’s docket, as it appears by the transcript, the action is styled an action on breach of contract. But in the petition of the plaintiff for the appointment of a guardian (for she seems to have been an infant) it is styled an action of covenant; so in the state of demand filed, in the venire for the jury, in the certiorari by which it is removed into this court, it is uniformly styled an action of covenant.
*The principal reason relied upon for the reversal of the judgment is “ that the justice has not entered in his docket the style and nature of the action.”
It is true that the style of the action entered in the docket, is not, strictly speaking, technical. But inasmuch as the entry is descriptive of the nature of the action, (being fairly applicable to an action of covenant) and is in itself perfectly intelligible; and inasmuch as the uncertainty, if any existed, was fully explained by the state of demand, and other proceedings, so that there could be no misapprehension, nor the defendant be in anywise surprised as *181 to his defence ; it would be going too far to reverse for that cause.
There are other reasons assigned, but they have no foundation in the record.
Therefore let judgment be affirmed.
Southard J.
Three reasons for reversal are taken in this case : because the justice did not nonsuit; because he admitted unlawful testimony; and because the style and nature of the action, do not appear on record. On the two first, the nonsuit and the evidence, the court is left altogether in the dark. There is nothing in the record from which a judgment can be formed and no extraneous light is afforded us. An indenture was offered and received; but why should it not be? It was proper evidence in such a cause, and for aught that appears to us, it may have been sufficiently proved, John Stohes had been examined as a witness.
Upon the remaining point, the facts are clear. The law {Bloom. 65) requires the justice to enter in his docket, “ the names of the plaintiff and defendant, the style and nature of the action, the sum demanded,” &c. Failing to do this the record is insufficient. In the present case, the justice has entered in his docket the names of plaintiff and defendant, and added “on breach of contract.” In other places where the action is mentioned, in the petition of the plaintiff, for guardian: in entering the appointment in the record; &c. <£c. it is called, an action of covenant.
The words in the act, “ style and nature of the action,” are not I think answered by this record. “ On breach of contract,” is no style of action ; to be found in no book with which I am ^acquainted. Its being a description of an action of covenant is not sufficient. The law requires the style and nature of the action, not the description of the object of the action. If a record were to say “ on a bond under seal,” it would be an accurate description of one case in debt, yet surely no legal style of action. Nor is the error cured by the subsequent use of the style of action in covenant. This only gives the defendant information what is intended against him, but does not an *182 swer the requirements of the act in making up a record. In the case of the bond before stated, though the style should be used in the progress of the transcript, it would not still make, “ on a bond under seal,” the style of an action.
Judgment affirmed.